UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Kathy Graber,                                                                  Case No.  3:13 cv 2672

          Plaintiff

   v.                                                                                    MEMORANDUM OPINION
                                                                   AND ORDER

Bittersweet, Inc.,

          Defendants


### BACKGROUND

Kathy Graber was hired by Bittersweet in January 2007, as a Behavior Shaping Consultant. Graber was forty-eight years old when she was hired and alleges to have lumbar degenerative disc disease.  (Doc. No. 1 at 3).  She contends this condition substantially limits one or more major life activities, including but not limited to lifting over fifteen pounds; bending; twisting; turning and reaching; and sitting, standing or walking for extended periods of time.  (Doc. No. 1 at 4).  Graber alleges that she was preparing to deliver a work note from her physician requesting leave from work beginning on January 30, 2013.  (Doc. No. 1 at 3).  She contends Bittersweet was aware of her intention to request medical leave and of her disability because her medical records were faxed to Bittersweet's Human Resource Assistant who then delivered the fax to Graber on January 28, 2013. (*Id.*)

On January 31, 2013, Bittersweet terminated Graber from her position, reportedly for violating confidentiality and privacy policies.  (Doc. No. 1 at 3-4).  At the time of her termination, Graber claims she was able to fulfill all of the essential functions of her position and not to have violated any privacy or confidentiality policies.  (Doc. No. 1).  Graber further alleges younger and similarly situated employees were treated in a more favorable fashion, remaining in their positions

even though their conduct was comparable to hers. (Doc. No. 1 at 5-6). She states she is in the age group protected by 29 U.S.C. Sections 621 et seq., as she is fifty-five years of age. (Doc. No. 1 at 5). Graber also contends to be an employee of an employer within the meaning of the Americans with Disabilities Act, the Age Discrimination in Employment Act, and Chapter 4112 of the Ohio Revised Code. (Doc. No. 1).

Graber alleges Bittersweet violated the Family and Medical Leave Act ("FMLA") (Count I). Graber further alleges Bittersweet discriminated against her because of her disability and failed to accommodate her disability in violation of Chapter 4112 of the Ohio Revised Code (Count II). Finally, Graber alleges Bittersweet violated the Age Discrimination in Employment Act (Count III).

Bittersweet moves for dismissal of Graber's claims pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings as to all claims. (Doc. No. 10). Also before me are Plaintiff's response and Defendant's reply. (Doc. No. 13; Doc. No 14). For the reasons stated below, I find the Defendant's motion for judgment on the pleadings should be denied.

## STANDARD

The same standards apply irrespective of whether the request for dismissal is under FRCP 12(b)(6) for failure to state a claim or Rule 12(c) for judgment on the pleadings. *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007) (citing *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001)). "[T]o survive a motion to dismiss a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)) . "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard is not equivalent to a probability requirement, it asks for more than a sheer possibility that a defendant has acted

2

unlawfully. *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "If a reasonable court can draw the necessary inference from the factual material stated in the complaint, the plausibility standard has been satisfied." *Keys v. Humana Inc.*, 684 F.3d 605, 610 (6th Cir. 2012).

On a motion for judgment on the pleadings, all well-pleaded allegations of the non-moving party must be taken as true. *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008). I must "'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff.'" *Smith v. Grady*, 960 F. Supp. 2d 735, 739 (S.D.Ohio 2013) (quoting *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008)). A Rule 12(c) motion should be granted when there is no material issue of fact and the moving party is then entitled to judgment as a matter of law. *Henry v. Chesapeake Appalachia, L.L.C.*, 739 F.3d 909, 912 (6th Cir. 2014) (citing *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007)).

## ANALYSIS

In this case, Bittersweet contends Graber did not allege sufficient facts to establish a prima facie case of FMLA violations, disability or age discrimination, and accommodation for her disability. Graber argues she set forth sufficient facts to satisfy the FRCP Rule 12(c) standard as applied to FRCP Rule 8(a). While Bittersweet contends Graber has not plead a full prima facie case, I find requiring this standard is contrary to Sixth Circuit and Supreme Court precedent.[1] The Complaint contains sufficient allegations to state a viable claim for both age and disability discrimination and the FMLA interference and retaliation claims.

### A. FMLA Claim

Under the FMLA, an eligible employee can take a total of twelve weeks of leave during a twelve-month time period due to a serious health condition that "makes the employee unable to

---

[1]Bittersweet also inexplicably states that "[e]ven if the factual allegations support the plaintiff's claims, they do not establish a cause of action if there is an obvious, more likely explanation for the conduct" as the proper standard for a motion to dismiss. (Doc. No. 10 at 4). In *Iqbal*, the Court held the "plausibility standard is *not* equivalent to a probability requirement." 556 U.S. at 678 (emphasis added). Instead, "if a reasonable court can draw the necessary inference from the factual material stated in the complaint, the plausibility standard can be satisfied." *Keys*, 684 F.3d at 610.

3

perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D).  It is unlawful for any employer to discharge or in any other manner discriminate against an employee for asserting her rights under the FMLA.  29 U.S.C. § 2615(a)(2); *see Bryant v. Dollar General Corp.*, 538 F.3d 394, 400 (6th Cir. 2008).  Under the FMLA, there are two theories of recovery: (1) the interference theory and (2) the retaliation theory.  *Seeger v. Cincinnati Bell Tel. Co., LLC*, 681 F.3d 274, 282 (6th Cir. 2012); *Hunter v. Valley View Local Sch.*, 579 F.3d 688, 691 (6th Cir. 2009).  Graber asserts her termination was in violation of both the interference and retaliation prohibitions of the FMLA.

The complaint alleges Graber's termination occurred three days after Bittersweet received a fax of her medical records and the Defendant knew she suffered from lumbar degenerative disc disease.  She also alleges she did not violate Bittersweet's privacy policies it cited as justifications for her termination.  (Doc. No. 1).  These factual allegations, at the very least, are sufficient to "'satisfy the requirements of Rule 8(a).'"  *Keys*, 684 F.3d at 610 (quoting *Swierkiewicz v. Sorema*, 534 U.S. 506, 514 (2002)).

Bittersweet argues Graber is required to establish a prima facie case under the *McDonnell Douglas* framework at the pleading stage.  However, Bittersweet overlooks Supreme Court and Sixth Circuit precedent on this issue.  "*Twombly* distinguished *Swierkiewicz*, explaining that the prior case law 'did not change the law of pleading,' but simply reemphasized that application of the *McDonnell Douglas* prima facie case at the pleading stage 'was contrary to the Federal Rules' structure of liberal pleading requirements."  *Keys*, 684 F.3d at 609 (quoting *Twombly*, 550 U.S. at 570).

Furthermore, in *HDC, LLC v. City of Ann Arbor*, the Sixth Circuit acknowledged the applicability of *Sweirkiewicz* and noted it would be wrong to construe *Twombly* and *Iqbal* "so narrowly as to be the death of notice pleading and we recognize the continuing viability of the short and plain language of Federal Rule of Civil Procedure 8."  675 F.3d 608, 614 (6th Cir. 2012).  Moreover, "[t]his circuit has continued to apply *Sweirkiewicz*, and there is no reason to not do so" in regards to pleading in discrimination cases.  *Serrano v. Cintas Co.*, 699 F.3d 884, 897 (6th Cir. 2012).  Graber's

4

complaint tenders more than the "'naked assertion[s]' devoid of 'further factual enhancement'" that *Twombly* and *Iqbal* prohibit. *Keys*, 684 F.3d at 610 (quoting *Twombly*, 550 U.S. at 557). Accordingly, Bittersweet's motion on the FMLA claim is not well-taken.

### B.  Disability Discrimination Claim

Pursuant to section 4112.02(A) of the Ohio Revised Code, it is an unlawful discriminatory practice for an employer to terminate an employee because of a disability "without just cause." Graber asserts her termination resulted from her suffering from lumbar degenerative disc disease which "substantially limited one or more major life activities." (Doc. No. 1 at 4).

Graber alleges that Bittersweet knew of her condition and that she was preparing to deliver physician notes "detailing her work restrictions and requesting a short leave of absence" to Bittersweet. (Doc. No. 1 at 4)  Furthermore, Graber contends she was a "highly rated and skilled" employee, "meeting and exceeding all of [Bittersweet's] legitimate expectations" while Bittersweet failed to accommodate for her condition. (Doc No. 1 at 5).  These allegations also satisfy Rule 8(a) and allege a plausible claim above the speculative level. *Keys*, 684 F.3d at 610 (quoting *Swierkiewicz*, 534 U.S. at 514).

Bittersweet again argues Graber has not plead facts sufficient to establish a prima facie case of disability discrimination.  As I previously noted, the Supreme Court and Sixth Circuit do *not* require discrimination claims to plead a prima facie case. *Keys*, 684 F.3d at 609.  Discrimination cases are held to a different pleading standard because "'precise requirements of a prima facie case can vary depending on the context,' and the appropriate type of prima facie case may not be evident until discovery is conducted."  *Serrano*, 699 F.3d at 897 (quoting *Swierkiewicz*, 534 U.S. at 512).  Thus, Graber has met her pleading burden and alleged facts to form a plausible claim as required by Rule 8(a).

### C. Age Discrimination Claim

Under the Age Discrimination in Employment Act ("ADEA"), it is unlawful for an employer to "discharge any individual . . . because of such individual's age." 29 U.S.C. § 632(a)(1). Graber asserts she falls within the protected age group and that Bittersweet replaced her with younger individuals, which is a violation of the ADEA. (Doc. No. 1 at 5).

Graber asserts facts sufficient to allege a plausible claim under the ADEA. The Complaint alleges younger and similarly situated employees were treated more favorably than Graber as they were not terminated like her. (Doc. No. 1 at 6). Also, Graber alleges her position was given to several substantially younger persons in violation of the ADEA. (*Id.*) Her job performance allegations sufficiently support Graber's plausible claim that Bittersweet "has lawfully and/or willfully discriminated against her on the basis of her age in violation of [the ADEA]." (*Id.*) Thus, these allegations satisfy the Rule 8(a) standard by alleging a plausible claim above the speculative level. *Keys*, 684 F.3d at 610 (quoting *Swierkiewicz*, 534 U.S. at 514).[2]

## CONCLUSION

In drawing upon the "judicial experience and common sense" required by the Supreme Court in *Iqbal* (556 U.S. at 664) and considering the applicable legal standard, Bittersweet's motion for judgment on the pleadings (Doc. No. 10) is denied.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

---

[2] As noted in Section B, Bittersweet again advocates a standard for pleading that is in direct contradiction with Supreme Court and Sixth Circuit precedent regarding a prima facie case. *See generally*, *Keys v. Humana Inc.*, 684 F.3d 605, 610 (6th Cir. 2012); *Serrano v. Cintas Co.*, 699 F.3d 884, 897 (2012); and *Swierkiewicz v. Sorema*, 534 U.S. 506, 514 (2002).